## INHABITANTS OF ALBANY *vs.* INHABITANTS OF NORWAY.

### Oxford.    Opinion September 29, 1910.

*Paupers.  Settlement.  Minors.  Change of Settlement.  Statute, 1821, chapter 122.*
*Revised Statutes, chapter 27, section 1, clause II; same chapter, section 3.*

Under the provisions of Revised Statutes, chapter 27, section 1, clause II, a legitimate unemancipated minor child, whose father has no pauper settlement in the State, takes the settlement which its mother has within it. If the mother's settlement changes during such child's minority then the settlement of the child will change likewise and be the same as that of the mother.

In the case at bar, the parents of the minor pauper were divorced. At the time of the divorce neither parent had a pauper settlement in the State. The father did not subsequently acquire one. After the divorce the mother acquired a pauper settlement in the defendant town by a second marriage. Still later the mother acquired a settlement in the plaintiff town by reason of a third marriage. *Held:* That the settlement of the minor pauper was in the plaintiff town, the same as that of her mother.

On agreed statement of facts.  Judgment for defendants.

Action of assumpsit to recover for pauper supplies furnished by the plaintiff town to one Flossie Miller, a minor, whose pauper settlement was alleged to be in the defendant town. Plea, the general issue. An agreed statement of facts was filed and the case reported to the Law Court for determination with the stipulation that if the Law Court should determine the pauper settlement of the said minor to be in the defendant town, then judgment should be for the plaintiff town ; otherwise for the defendant town.

The case is stated in the opinion.

*James S. Wright*, for plaintiffs.

*Albert J. Stearns*, for defendants.

SITTING :   EMERY, C. J., SAVAGE, PEABODY, SPEAR, CORNISH, KING, JJ.

KING, J.    This is an action to recover for pauper supplies furnished Flossie Miller, a minor. The only question in controversy is the settlement of the pauper. She was born in the plaintiff

town June 5, 1894.   In 1902 her father and mother were divorced, and her custody was decreed to the mother.   At the time of the divorce neither her father nor mother had a pauper settlement in this State, and her father did not subsequently acquire one. After the divorce, May 22, 1902, her mother married Walter C. Merrill, who then had, and still has, his pauper settlement in the defendant town.   Thereafter, on May 11, 1907, the mother, of the pauper, having been divorced from her second husband, married Eugene O. McKeen, who then had, and still has, a pauper settlement in the plaintiff town.   The plaintiff was living at her mother's home in Albany when she fell into distress and received the assistance sued for.

R. S., c. 27, sec. 1, cl. II, provides:   "Legitimate children have the settlement of their father, if he has any in the State, if he has not, they have the settlement of their mother within it; but they do not have the settlement of either acquired after they are of age and have capacity to acquire one."

As the pauper's father had no settlement in the State, she took the settlement which her mother acquired in Norway upon her marriage to Merrill in 1902.   *St. George* v. *Rockland*, 89 Maine, 43.   Did the pauper's settlement change and follow that of her mother acquired in the plaintiff town by her subsequent marriage to McKeen in 1907?   We think it did.

In the Act of 1821, c. 122, the language was: "legitimate children shall follow and have the settlement of their father if he has any in this State; but if he shall have none, they shall in like manner follow and have the settlement of their mother."   As the result of the revision of the general statutes the words, "follow and have," used in the original statute, have been condensed to "have." But in *St. George* v. *Rockland*, supra, this court held that the meaning of the statute was not thereby changed.   It was there said : "In this case there was no occasion for a change in the law.   It kept poor minor children with their mother.   It had remained unamended for a generation.   The condensation of the clause into more terse language does not indicate an intent to make such a radical change in the law itself as the defendant contends for."

It is unquestioned that under this statute the pauper settlement of a legitimate unemancipated minor is the same as that of its father, and changes as often as its father's changes. Such is the plain meaning of the statute, and it has been uniformly so held. If, then, when the father has no settlement in the State, the minor "shall in like manner follow and have the settlement" of its mother, it must be held that its settlement, so derived from her, changes as often as hers changes during its minority.

It is suggested in behalf of the plaintiff that to hold Flossie's settlement changed from Norway to Albany violates the provision of sec. 3, of c. 27, that settlements "acquired under existing laws, remain until new ones are acquired." But the answer to that is, that if the settlement Flossie had in Norway, because her mother took one there by marriage, was "acquired" by her within the meaning of the provision of sec. 3, then she likewise "acquired" a new one in the plaintiff town, because her mother took one there by her third marriage.

At the time the minor pauper fell into distress, her father having no pauper settlement in this State, she had the settlement which her mother then had, and that was admittedly in the plaintiff town by reason of her mother's marriage to McKeen.

Accordingly the entry must be,

*Judgment for defendants.*